NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0027n.06

No. 20-1332

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| JOANNA M. PERKIN; AMY L. GISH, | ) | **FILED** |
| | ) | Jan 13, 2021 |
| Plaintiffs-Appellants, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| JACKSON PUBLIC SCHOOLS, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| Defendant-Appellee. | ) | |
| | ) | |

Before: SILER, GIBBONS, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Joanna Perkin and Amy Gish (plaintiffs) sued Jackson Public Schools under 42 U.S.C. § 1983, alleging that Jackson violated their Fourteenth Amendment rights under the Due Process Clause. The district court granted summary judgment to Jackson. We affirm.

Plaintiffs are teachers who worked at the Fourth Street Learning Center—a middle school that provides early intervention to students with behavioral or academic challenges. The Center provides specialized resources for these students and expressly bars the students themselves from engaging in "threatening behavior" toward a staff member. Yet plaintiffs allege that the Center presented a tempestuous environment for students and teacher alike. Each plaintiff alleges that students threatened her, and Gish claims that students purposely bumped into her and threw coins, food, and pencils at her, and verbally threatened to assault her. Plaintiffs allege that they repeatedly

asked Jackson to provide better security, but that Jackson ignored their complaints. Each plaintiff eventually chose to leave the Center and the employ of Jackson Public Schools.

Perkin and Gish thereafter brought this suit against Jackson, claiming under 42 U.S.C. § 1983 that Jackson violated their rights under the Due Process Clause of the Fourteenth Amendment. The district court granted summary judgment to Jackson, holding that plaintiffs had neither alleged nor presented evidence that Jackson had violated their constitutional rights. We review that decision de novo. *See Fox v. Amazon.com, Inc.*, 930 F.3d 415, 421 (6th Cir. 2019).

Plaintiffs' briefing leaves unclear what Due Process right, exactly, they claim Jackson violated. They do argue more generally, however, that Jackson ignored their complaints about conditions at the Center and that their claim arises "under the state created danger doctrine[.]" But the Due Process Clause does not guarantee a right to a safe workplace. *See Collins v. City of Harker Heights*, 503 U.S. 115, 117 (1992). And Jackson "has no constitutional duty to protect individuals who are not in its custody"—which obviously they were not. *Jane Doe v. Jackson Loc. Sch. Dist. Bd. of Educ.*, 954 F.3d 925, 932 (6th Cir. 2020). Plaintiffs therefore have not identified any right whose violation could support a claim under § 1983.

Plaintiffs offer (in many different formulations) just one counterargument: that Jackson's "deliberate indifference" to the plight of the teachers at the Center was so bad as to "shock the contemporary conscience." *Id.* at 933 (internal quotations omitted). Regrettable as the alleged conditions at the Center might have been, however, they are not analogous to having one's stomach forcibly pumped. *See Rochin v. California*, 342 U.S. 165, 172 (1952). We therefore agree with the district court that plaintiffs have not shown any entitlement to proceed with their § 1983 claim.

The district court's judgment is affirmed.